IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SI TAN NGUYEN, et al.,                §
                                      §
               Plaintiffs,            §
                                      §
VS.                                   §    Civil Action No. 3:16-CV-2986-D
                                      §
WELLS FARGO BANK, N.A.,               §
on Behalf of Registered Holders of    §
Bear Stearns Asset Backed Securities I, §
LLC Asset-Backed Certificates,        §
Series 2007-AC4,                      §
                                      §
               Defendant.             §

MEMORANDUM OPINION
AND ORDER

       Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") June 2, 2017 motion for summary judgment—to which plaintiffs Si Tan Nguyen and Xuan O. Nguyen have not responded—is granted, and this action is dismissed with prejudice by judgment filed today.[1]

       This is an action by plaintiffs against Wells Fargo arising out of the foreclosure of real property located on Betty Jane Lane in Dallas. Plaintiffs seek to recover on several claims, including for wrongful foreclosure. Wells Fargo moves for summary judgment as to all of plaintiffs' claims.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovants' claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovants must go beyond their pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovants' failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovants fail to meet this burden. *Little*, 37 F.3d at 1076.

Wells Fargo has pointed in its motion to the absence of evidence to support each of plaintiffs' claims. *See* D. Br. 4, 7, 10, and 11. The burden has therefore shifted to plaintiffs to present evidence that creates a genuine issue of material fact. Plaintiffs have not responded to Wells Fargo's motion.[2] Although their failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment

---

[2]Plaintiffs' response was due June 23, 2017. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Wells Fargo has pointed to the absence of evidence to support plaintiffs' claims and plaintiffs have not produced evidence in response to the motion, Wells Fargo is entitled to summary judgment dismissing plaintiffs' action with prejudice.

\*    \*    \*

Accordingly, Wells Fargo's June 2, 2017 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

July 18, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 3 -